# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDSON FURTADO | * |
| Plaintiff | * |
| v | *   Civil Action No. RWT-10-732 |
| WARDEN | * |
| Defendant | * |

## MEMORANDUM OPINION

On April 1, 2010, this court issued an Order requiring Plaintiff to supplement his complaint to clarify against whom his civil rights complaint was being filed. In addition, he was directed to either pay the $350 filing fee or file a Motion to Proceed in Forma Pauperis. Paper No. 2.

Plaintiff filed a Motion to Supplement the Record on April 13, 2010. Paper No. 3. The pleading does not include a Motion to Proceed in Forma Pauperis or the $350 filing fee. Plaintiff mentions an assault by another patient at Clifton T. Perkins and states the patient was moved after the assault. The balance of the pleading seeks court intervention in his pending state criminal case. Indeed, most of the named Defendants are judges and attorneys involved in his criminal case. He seeks a speedy trial, a reversal of the state court's decision sending him to Clifton T. Perkins, and an order requiring his immediate release without conditions. Thus, it is clear that the instant filing is in the nature of a Petition for Writ of Habeas Corpus and must be denied. As previously explained by this court:

> Petitioner is in state custody because his mental illness renders him unable to stand trial in the Circuit Court for Montgomery County. Thus, his petition has been considered under 28 U.S.C. § 2241. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and there are special circumstances that

> justify intervention by the federal court. See Dickerson v. Louisiana, 816 F. 2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citing Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through a trial on the merits or other state procedures available for review of the claim. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).
>
> As a person committed to a mental health facility, Petitioner has a right under Maryland law to file a petition for release in the state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. See Md. Code Ann., Health-Gen., § 10-805. Denial of an application for release may be appealed. See id. Petitioner has not challenged his commitment order in state court. Special circumstances justifying a federal court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. See Moore v. DeYoung, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971). Petitioner's claim that he is illegally confined may be litigated in a state forum without harm to his constitutional rights.

Furtado v. State of Maryland, No. RWT-07-2472, 2007 U.S. Dist. LEXIS 98635, at *1-4 (D. Md. Oct. 4, 2007) (internal footnote omitted).

    Plaintiff has presented no evidence that he has availed himself of the state remedies available to him. A separate order of dismissal follows.


Date: April 20, 2010                      /s/
                                        Roger W. Titus
                                        United States District Judge